IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KYUNG BO KIM and YOUNG SUN KIM on behalf of themselves and others similarly situated, <br><br> Plaintiffs. <br><br> v. <br><br> GOLD MINE BEVERAGE, LLC, CHRIS CHO, and HYOJOUNG CHO, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION: <br> ) <br> ) <br> ) <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) <br> ) <br> ) |

# COMPLAINT

COME NOW Plaintiffs KYUNG BO KIM and YOUNG SUN KIM ("Plaintiffs"), by and through their counsel, Brian Kim, PC., on behalf of themselves and others similarly situated, file this Complaint alleging as follows:

## NATURE OF THIS ACTION

1.

This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b), to recover overtime wages owed to Plaintiffs and all similarly situated persons who are presently or were formerly employed by a business known as Gold Mine Beverage, LLC, also known as Lovejoy Package

Store. (hereinafter referred to as "Gold Mine Beverage") and individuals known as Hyojoung Cho and Chris Cho ("Cho").

2.

This action challenges Defendants paid Plaintiff Kyung Bo Kim and similarly situated workers a fixed hourly rate regardless of number of hours Plaintiff worked. Plaintiff brings this action on behalf of themselves and similarly situated who worked for Defendants and paid fixed hourly rate regardless of number of hours they worked in the United States and were not paid properly in accordance with the FLSA.

3.

During the three year period preceding the filing of this action and continuing to the present (the "Collective Action Period"), Plaintiffs and similarly situated Defendants' employees who opt in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) allege that they were paid in an unlawful manner and are entitled to recover overtime wages, liquidated damages, interest, and reasonable attorneys' fees and costs.

## PARTIES

4.

Kyung Bo Kim and Young Sun Kim the named Plaintiffs in this action, ("Plaintiffs") are individuals who resided in the Northern District of Georgia during all relevant times.

5.

Defendant GOLD MINE BEVERAGE owns and operates a retail stores in Northern District of Georgia. The address of the Defendant is 2160 Talmadge Road, Hampton, GA 30228.

6.

Defendant Hyojoung Cho and Chris Cho, individuals, can be served by delivering a copy of summons and complaint to him at 2160 Talmadge Road, Hampton, GA 30228.

7.

The Defendants Hyojoung Cho and Chris Cho are and were at all times relevant to this action, an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d).

8.

Defendants Hyojoung Cho and/or Chris Cho controlled Plaintiffs' work schedules and conditions of employment.

9.

Defendants Hyojoung Cho and/or Chris Cho determines the rate and method of payment for Plaintiffs.

10.

Defendants Hyojoung Cho and Chris Cho is subject to the requirements of the FLSA, 29 U.S.C. § 201, *et seq*.

11.

Defendant GOLD MINE BEVERAGE transacts and has transacted regular, not isolated, acts of business in Clayton County.

12.

Upon information and belief, Defendant GOLD MINE BEVERAGE's annual gross volume of sales or business is not less than $500,000.00.

13.

Defendant GOLD MINE BEVERAGE is and was, at all times relevant to this action, an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1), 206, and 207.

14.

Defendant GOLD MINE BEVERAGE is subject to the requirements of the FLSA, 29 U.S.C. § 201, *et seq*.

15.

At all times relevant to this action, Defendant GOLD MINE BEVERAGE oversaw and had the responsibility for maintaining employment records of Plaintiffs.

16.

At all times relevant to this action, Defendants Hyojoung Cho and/or Chris Cho oversaw and had the responsibility for maintaining employment records of Plaintiffs.

**Jurisdiction**

17.

Jurisdiction over this action is conferred on this Court by section 216(b) of the FLSA, 29 U.S.C. §216(b) as well as 28 U.S.C. §1331.

**Venue**

18.

Venue is proper in the Northern District of Georgia in that Defendants Hyojoung Cho and Chris Cho are resident Clayton County, Georgia, which is within this judicial District.

## Facts

19.

Plaintiffs are former employees of Defendant GOLD MINE BEVERAGE and Defendants Hyojoung Cho and Chris Cho ("Defendants").

20.

In the past three (3) years, Plaintiffs were employed by Defendants for at least one day.

21.

In the past three (3) years, Defendants Hyojoung Cho and Chris Cho were officers of Defendant Gold Mine Beverage, LLC.

22.

Throughout Plaintiffs' employment with Defendants, Plaintiff Kyung Bo Kim were employed as an assistant manager, and Young Sun Kim were employed as a stocker.

23.

Plaintiffs' primary duty did not include works requiring exercise of discretion and judgment.

24.

At all times relevant to this action, Plaintiffs were non-exempt from the overtime pay requirements as afforded by the FLSA, 29 U.S.C. §§ 201 et seq.

25.

Throughout Plaintiffs' employment with Defendants, Defendants paid Plaintiffs an hourly wage of $12.00 - $16.00 per hour.

26.

Defendants paid some of Plaintiffs' wages in cash.

27.

During the relevant time hereto, Plaintiff Kyung Bo Kim worked on average fifty-two (52) hours per week for Defendants.

28.

Defendants paid Plaintiff a fixed hourly wage regardless of the number of hours worked per week.

29.

Defendants failed to provide Plaintiff with one and one-half times his regular rate of pay for his work in excess of forty hours in a workweek.

30.

The reason Defendant paid some of Plaintiff's wage in cash, in addition to paychecks, was to avoid creating any evidence that shows Defendants violated

FLSA. At the same time, Defendants established arbitrary evidence, such as paycheck stubs, that show as though Defendants did not violate the FLSA.

## CLAIM FOR RELIEF

### Count I: Violation of FAIR LABOR STANDARD ACT (FLSA)
### For Plaintiff Kyung Bo Kim only

31.

Plaintiff Kyung Bo Kim re-alleges and incorporate by reference each of the foregoing paragraphs of its complaint as if set forth fully herein.

32.

Plaintiff Kyung Bo Kim was regularly compelled and scheduled to work more than forty hours per week.

33.

The Defendants were required in accordance with the FLSA to pay Plaintiff Kyung Bo Kim one and one-half times their regular hourly rate of pay for their overtime work.

34.

The Defendants failed to pay Plaintiff Kyung Bo Kim one and one-half times his regular rate of pay for each hour worked over forty (40) hours in a week. Instead,

Defendants only paid Plaintiff Kyung Bo Kim a fixed hourly wage regardless of the hours worked.

35.

The Defendants' unlawful acts, omissions, and practices concerning the terms, conditions, and provisions of Plaintiff's employment violate the FLSA.

36.

As a result of Defendants' unlawful acts, omissions, and practices, Plaintiff Kyung Bo Kim suffered a loss of wages of an amount to be determined at trial.

37.

Defendants, jointly and severally, owe the Plaintiff Kyung Bo Kim overtime pay for his work performed but not compensated in an amount to be determined, plus liquidated damages in an equal amount pursuant to 29 U.S.C. §216(b).

38.

Pursuant to Section 216(b) of the FLSA, Defendants owe Plaintiff Kyung Bo Kim jointly and severally, for reasonable attorney's fees.

**Collective Action**

39.

...

Plaintiff Kyung Bo Kim re-alleges and incorporate by reference each of the foregoing paragraphs of its complaint as if set forth fully herein.

40.

This action is collectively brought pursuant to the FLSA, 29 U.S.C. §201 *et seq*. and specifically the collection action provision of the Act found at §216(b), for appropriate legal relief and to remedy violations of the wage provisions of the FLSA by Defendants which has deprived the Plaintiffs, as well as other similarly situated Defendants' employees, of their lawful wages.

41.

This action challenges Defendants paid Plaintiff Kyung Bo Kim and similarly situated workers a fixed hourly rate regardless of number of hours Plaintiff worked. Plaintiff brings this action on behalf of themselves and similarly situated who worked for Defendants and paid fixed hourly rate regardless of number of hours they worked in the United States and were not paid properly in accordance with the FLSA.

**Count II: Civil Damages for Fraudulent Filing of Information Returns (26 U.S.C. § 7434)**
**Plaintiff Kyung Bo Kim and Young Sun Kim**

42.

Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs of its complaint as if set forth fully herein.

43.

At all times material hereto, Plaintiffs have been employees of Defendants.

44.

Pursuant to 26 U.S.C § 3111, Defendants were required to pay 6.2 percent of the Plaintiffs' wages to the United States for Old-Age, Survivors, and Disability Insurance (also known as Social Security Taxes) and 1.45 percent of the Plaintiff's wages for Hospital Insurance (also known as Medicare Taxes).

45.

Defendants violated 26 U.S.C. § 3111 because they failed to pay such Social Security and Medicare Taxes for all of Plaintiffs' wages.

46.

When Defendants filed their Internal Revenue Service Form 941, Employer's Quarterly Federal Tax Returns, for the period Plaintiffs were employed with Defendants, they omitted or understated the amount of wages paid to Plaintiff.

47.

When Defendants filed their Internal Revenue Service Form W-2 for the period Plaintiffs were employed with Defendants, they omitted or understated the amount of wages paid to Plaintiffs.

48.

Defendants' omissions and/or understatements of Plaintiffs' wages in their Form 941 and W-2 were false and fraudulent.

49.

Defendants' omissions and/or understatements of Plaintiffs' wages were for their own wrongful enrichment.

50.

As a consequence of Defendants' willful filing of fraudulent tax information returns, Plaintiffs are entitled to recover damages from Defendants up to and including any actual damages sustained, or in any event not less than $5,000.00 per fraudulent filing, as well as costs of litigation and reasonable attorneys' fees, pursuant to 26 U.S.C. § 7434.

WHEREFORE, Plaintiffs demands relief as follows:

1. Instruct the Clerk of Court to issue the Summons that are attached herein;

2. An order finding that Defendant violated sections 215(a)(2) and 216(b) of the FLSA;

3. An award of damages for unpaid wages under the FLSA in the amount to be proven during trial in favor of each Plaintiffs against Defendants, jointly and severally;

4. An award of liquidated damages under the FLSA in the amount to be proven during trial in favor of Plaintiff Kyung Bo Kim against Defendants, jointly and severally;

5. Pursuant to Section 216(b) of the FLSA, judgment in favor of Plaintiff Kyung Bo Kim against Defendants, jointly and severally, for reasonable attorney fees;

6. Pursuant to 26 U.S.C. § 7434, judgment in favor of Plaintiffs against Defendants, jointly and severally, for reasonable attorneys' fees;

7. An order finding that Defendants fraudulently filed information returns;

8. Judgment in favor of Plaintiffs against Defendant, jointly and severally, for all taxable and non-taxable costs;

9. Pursuant to the Seventh Amendment to the United States Constitution and Rule 38, F.R. Civ. P., TRIAL BY JURY on all claims on which a jury is available;

10. Grant certification and permit Plaintiff Kyung Bo Kim to proceed to trial as a collective action; AND

11. Such other, further and different relief as this Court deems appropriate.

This 4th day of April, 2022.

                              Brian Plaintiffs, PC

                              By: */s/ Brian G. Kim*
                              Brian G Kim
                              Georgia. Bar No. 479330

1815 Satellite Blvd. #403
Duluth, GA 30097
Telephone: 678.878.4200
Facsimile:  404.878.4208
E-Mail: brian@briankimpc.com